FILED

2008 Dec-05  PM 03:18
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **CHARLOTTE A. BITTLE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.:** |
| | ) | |
| **ARROW FINANCIAL SERVICES, LLC; EQUIFAX INFORMATION SERVICES, INC.,** | ) ) ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, by and through counsel, in the above styled cause, and for Plaintiff's Complaint against the Defendants states as follows:

## Jurisdiction & Venue

1.    This is an action brought by a consumer for violations of the Fair Credit Reporting Act (15 U.S.C. § 1681 et seq. [hereinafter "FCRA"] and the Fair Debt Practices Act[1]   (15 U.S.C. § 1692 et seq. [hereinafter "FDCPA"]).  Therefore, subject matter jurisdiction exists under 28 U.S.C. Section 1331.

---

[1] Any reference the FDCPA or FCRA or any part thereof encompasses all relevant parts and subparts thereto.

2.      This action is also brought under Alabama state law.  These claims are
        brought under 28 U.S.C. Section 1332 as there exists complete
        diversity and the amount in controversy exceeds Seventy Five
        Thousand Dollars ($75,000), exclusive of costs and interests.

3.      The state law claims are also properly before this court based upon
        supplemental jurisdiction under 28 U.S.C. Section 1367 as the state
        law claims form part of the same case or controversy as the federal
        claims as they are based upon substantially similar and overlapping
        facts.

4.      Venue is proper in this Court under 28 U.S.C. Section 1391(b) as the
        events took place in this Judicial District and the Defendants reside in
        this Judicial District as all Defendants are subject to personal
        jurisdiction in this Judicial District.

## Parties

5.      The Plaintiff, Charlotte A. Bittle ("Plaintiff Bittle"), is a natural
        person who resides within this Judicial District.

6.      Defendant Arrow Financial Services, LLC ("Defendant" or "Arrow")
        is a foreign company that engages in the business of debt collection
        and reporting consumer credit information to credit reporting
        agencies.  It conducts business in this Judicial District.  Its principal

place of business is the State of Illinois and it is incorporated in Delaware.

7.   Defendant Equifax Information Services, LLC ("Defendant" or "Equifax") is a foreign company (incorporated in Georgia) that engages in the business of maintaining and reporting consumer credit information and does business in this Judicial District.  Its principal place of business is the State of Georgia and it is incorporated in Georgia.

## Factual Allegations

8.   In April 2008, Defendant Arrow sued Plaintiff in the Small Claims Court of Jefferson County, Alabama, with a case number of SM-2008-901017.

9.   In this suit, Defendant Arrow asserted it was the owner of a certain debt allegedly owed by Plaintiff Bittle.

10.  Plaintiff Bittle filed an Answer denying the allegations of Defendant Arrow.

11.  The state court set the case for trial.  Notice was sent to Defendant Arrow and Plaintiff Bittle.

12.  At all times Plaintiff Bittle was prepared for trial.

13.    The case resulted in a judgment in favor of Plaintiff Bittle on September 8, 2008.  See Exhibit "A".

14.    Defendant Arrow knew it had lost the case.

15.    Defendant Arrow is not the owner of this alleged debt.

16.    Defendant Arrow reported and has continued to report to at least Defendant Equifax that Plaintiff Bittle owed this money and was in default.

17.    Plaintiff Bittle did not and does not owe this money to Defendant Arrow.

18.    The debt being collected is a consumer debt as defined by the FDCPA.

19.    Plaintiff Bittle is a "consumer" as defined by the FDCPA and FCRA.

20.    Defendant Arrow is a "debt collector" as defined by the FDCPA.

21.    After the victory at trial, Plaintiff Bittle sent a letter dated October 6, 2008, to Defendant Equifax, requesting an investigation of the Defendant Arrow's account that still appeared on Plaintiff Bittle's credit report.

22.    Plaintiff Bittle requested that the Defendant Arrow's account be deleted, as Plaintiff Bittle did not owe it, per the court's judgment in favor of Plaintiff Bittle.

23.   Defendant Equifax was not concerned and did not care about what the state court did in the case as Defendant Equifax did not intend to perform a reasonable investigation.

24.   Defendant Equifax did not perform any type of reasonable investigation.

25.   Defendant Equifax notified Defendant Arrow in accordance with the FCRA of the dispute by the Plaintiff Bittle.

26.   Alternatively, Defendant Equifax did not properly notify Defendant Arrow and, as a part of this failure, did not include all relevant information provided by Plaintiff Bittle in its notification of Defendant Arrow.   This includes notification that the state court entered a verdict in favor of Plaintiff Bittle.

27.   All Defendants failed to properly investigate these disputes as if Defendants had properly investigated, the Arrow account would have been deleted.

28.   On November 6, 2008, Defendant Equifax issued its results of investigation, which shows the Defendant Arrow's account with a balance due and that it is a collection account.

29.   All Defendants were provided with more than sufficient information in the disputes and in their own internal sources of information (which

includes the knowledge of Defendant Arrow through its state court trial counsel that the case was a defeat for Defendant Arrow) to conduct an investigation and to conclude that the account complained of was being reported incorrectly.

30. Defendant Equifax has previously proclaimed that it is obligated to rely upon whatever the public records state about a consumer.

31. For example, had Plaintiff Bittle lost the suit and a judgment was entered in favor of Defendant Arrow, and Plaintiff Bittle disputed with the CRAs, Plaintiff Bittle would have been told by Defendant Equifax that it was bound by the state court judgment which says Plaintiff Bittle owes the money.

32. This same Defendant Equifax, however, <u>refused</u> to rely upon what the state court judge actually said – verdict for Plaintiff Bittle.

33. The verdict in favor of Plaintiff Bittle means Plaintiff Bittle does not owe the money claimed by Defendant Arrow.

34. The state court ruling was a final judgment.

35. This final judgment was not appealed.

36. There is no avenue for appeal for Defendant Arrow of this judgment as the time to appeal has long since passed.

37.   Despite this knowledge, Defendant Equifax has completely abdicated its obligations under federal and state law and has instead chosen to merely "parrot" whatever its customer, Defendant Arrow, has told it to say.

38.   Defendant Equifax has a policy to favor the paying customer, in this situation Defendant Arrow, rather than what the consumer or the state court says about a debt.

39.   The primary reason for this wrongful policy is that furnishers in general, and debt collectors specifically, provide enormous financial rewards to Defendant Equifax.

40.   The importance of keeping balances on credit reports is that all the Defendants understand that one of the most powerful methods furnishers (and debt collectors) have to wrench payment from a consumer is by placing accounts with balances on the consumer's credit reports.

41.   Defendant Arrow has a policy and procedure to refuse to properly update credit reports of consumers, like Plaintiff Bittle, who do not owe the alleged debt.  The reason is to keep false information on the credit report.  The false information consists of a balance shown as owed when Defendant Arrow knows no balance is owed.

42.    Defendant Arrow has promised through its subscriber agreements or contracts to accurately update accounts but Defendant Arrow has willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA, FDCPA, and state law, which has resulted in the intended consequences of this information remaining on Plaintiff Bittle's credit reports.

43.    Defendant Arrow assumed a duty, through the subscriber agreement and other actions, to accurately report the balances and this duty was breached in a negligent, wanton, reckless, willful, intentional, and/or malicious manner.

44.    Defendant Arrow has a policy to "park" its accounts on at least one of the consumer's credit report.  This is a term in the industry for keeping a false balance (or false account) on the credit report so that the consumer will be forced to pay off the balance in order to obtain a refinancing or to qualify for a loan or to increase the consumer's credit score from the artificially lowered score which directly resulted from the Defendants' intentional and malicious conduct.

45. In parking or allowing the parking of an account, all Defendants know they are violating their obligations and duties under federal and state law to accurately report the account and the balance.

46. All Defendants know that parking a balance will lead to false and defamatory information being published every time the Plaintiff Bittle's credit report is accessed and this is the malicious and intentional design behind Defendants' actions with the goal to force the Plaintiff Bittle to pay on an account Plaintiff Bittle does not owe.

47. All Defendants maliciously, willfully, intentionally, recklessly, and/or negligently failed to review the information provided in the disputes and that was already in their files and to conduct a reasonable investigation on Plaintiff Bittle's disputes, which led as a direct result and consequence to all of the Defendants either failing to delete information found to be inaccurate, failing to replace the inaccurate information with accurate information, and/or reinserting the information without following the dictates of the FCRA.

48. At all relevant times the Defendant Equifax failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff Bittle's credit report, concerning the account in question, violating 15 U.S.C. § 1681e(b) and state law.

49.   Defendant Arrow failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff Bittle's credit information and Plaintiff Bittle's credit report, concerning the account in question, thus violating state law and FDCPA as set forth in this Complaint.  These violations occurred before, during, and after the dispute process began with the consumer reporting agencies.

50.   Defendant Arrow has taken illegal aggressive actions in a continued effort to collect the alleged debt against Plaintiff Bittle.  These actions include the continued reporting of the debt to third parties (even after losing the state court trial), including consumer-reporting agencies such as Trans Union, Equifax, and Experian, that Plaintiff Bittle owes the debt, that Plaintiff Bittle defaulted, and that the account was in collections with a balance currently owed.

51.   The Defendant Equifax has failed to maintain Plaintiff Bittle's account with maximum accuracy and this Defendant and Defendant Arrow have failed to properly investigate the account in response to the disputes made by Plaintiff Bittle.

52.   The conduct of the Defendants has proximately caused Plaintiff Bittle past and future monetary loss, past and future damage to Plaintiff

Bittle's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

53.     It is a practice of all of the Defendants to maliciously, willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FDCPA (Defendant Arrow), FCRA (all Defendants) and state law (all Defendants).

54.     The Defendants know their conduct is wrong.   For example, Defendants Equifax and Arrow have been sued multiple times in this district for this identical misconduct.   In this very district, a judgment exists against Equifax and in this very district a recent judgment exists against Arrow for this identical misconduct.

55.     All actions taken by employees, agents, servants, or representatives of any type for the Defendants were taken in the line and scope of such individuals (or entities') employment, agency or representation.

56.     All actions taken by the Defendants were done with malice, were done willfully, and were done with either the desire to harm Plaintiff Bittle and/or with the knowledge that their actions would very likely harm Plaintiff Bittle and/or that their actions were taken in violation of the FCRA and/or FDCPA and/or state law and/or that they knew or

should have known that their actions were in reckless disregard of the FCRA and/or FDCPA and/or state law.

57. All Defendants have engaged in a pattern and practice of wrongful and unlawful behavior with respect to accounts and consumer reports and as such all Defendants are subject to punitive damages and statutory damages and all other appropriate measures to punish and deter similar future conduct by these Defendants and similar companies.

58. Defendant Arrow is liable to Plaintiff through the doctrine of Respondeat Superior for the wrongful, intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees and agents, including but not limited to violations of the FDCPA and Alabama tort law, in their attempts to collect this debt from Plaintiff.

**FIRST CLAIM FOR RELIEF**
**Violations of the Fair Debt Collection Practices Act**

59. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

60. Defendant Arrow violated the FDCPA in numerous ways, including, but not limited to the following:

a.    Falsely reporting the debt on Plaintiff's credit reports when Plaintiff does not owe the money;

b.    Engaging in illegal collection activities on a debt that Plaintiff does not owe and that Defendant is not entitled to collect upon.

c.    Updating Plaintiff's credit reports to show that Plaintiff still owes this money; and

d.    Updating the credit reports to show that the account was past due and in collections.

61.    Because of the violations of the FDCPA, the Defendant Arrow is liable to the Plaintiff Bittle for declaratory judgment that its conduct violated the FDCPA, and a judgment for actual damages, statutory damages, costs, expenses, and attorneys' fees.

## SECOND CLAIM FOR RELIEF
### Violating the Fair Credit Reporting Act

62.    All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

63.    Defendant Equifax is a "consumer reporting agency," as codified at 15 U.S.C. § 1681a(e).

64.    Defendant Arrow is an entity who, regularly and in the course of business, furnishes information to one or more consumer reporting

agencies about its transactions or experiences with any consumer and therefore constitutes a "furnisher," as codified at 15 U.S.C. § 1681s-2.

65.   Plaintiff Bittle notified Defendant Equifax directly of a dispute on the Defendant Arrow account's completeness and/or accuracy, as reported.

66.   Defendant Equifax failed to delete information found to be inaccurate, reinserted the information without following the FCRA, or failed to properly investigate Plaintiff Bittle disputes.

67.   Plaintiff Bittle alleges that at all relevant times Defendant Equifax failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff Bittle's credit report, concerning the accounts in question, violating 15 U.S.C. § 1681e(b).

68.   Plaintiff Bittle alleges that all Defendants failed to conduct a proper and lawful reinvestigation.  For example, Defendants were given notice that the suit was tried with the Plaintiff Bittle winning the case, but Defendants apparently failed to review the court file or contact the court or contact counsel for Defendant Arrow.  Other examples will become apparent once discovery is commenced.

69.   All actions taken by the Defendants were done with malice, were done willfully, and were done with either the desire to harm Plaintiff Bittle

14

and/or with the knowledge that their actions would very likely harm Plaintiff Bittle and/or that their actions were taken in violation of the FCRA and state law and/or that knew or should have known that their actions were in reckless disregard of the FCRA and state law.

70.    All of the violations of the FCRA proximately caused the injuries and damages set forth in this Complaint.

## THIRD CLAIM FOR RELIEF
### State Law Claims

71.    All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

72.    All Defendants intentionally published false and defamatory information related to the Defendant Arrow account.

73.    Defendants acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in their dealings with and about Plaintiff Bittle as set forth in this Complaint.  This includes the initial reporting of Defendant Arrow account; the handling of any investigations on the accounts; and all other aspects as set forth in this Complaint.

74.    Defendants assumed a duty, through the subscriber agreement and other actions, to accurately report the balances and account.

75.   Defendants violated all of the duties the Defendants had and such violations were made intentionally, willfully, recklessly, maliciously, wantonly, and negligently.

76.   It was foreseeable, and Defendants did in fact foresee it, that refusing to properly update and investigate would cause the exact type of harm suffered by the Plaintiff Bittle.

77.   Defendants acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in their dealings with and about Plaintiff Bittle as set forth in this Complaint.  This includes the initial reporting of Defendants' accounts; the intentional refusal to properly update the accounts; and all other aspects as set forth in this Complaint.

78.   Defendants invaded the privacy of Plaintiff Bittle as set forth in Alabama law, including publishing false information about Plaintiff Bittle's personal financial obligations.

79.   The Defendants acted with intentional, reckless, or wanton conduct in attempting to collect this debt (Defendants Arrow) and reporting this false information (all Defendants).

80.   Such negligence, malice, wantonness, recklessness, willfulness, and/or intentional conduct proximately caused the damages set forth

in this complaint and such conduct occurred before, during and after the disputes to the CRAs.

81.    As a result of this conduct, action, and inaction of all Defendants, Plaintiff Bittle has suffered damage as set forth in this Complaint.

## **RELIEF SOUGHT**

WHEREFORE, Plaintiff Bittle respectfully prays that judgment be entered against the Defendants for the following:

A.    An award of statutory, actual, compensatory and punitive damages, and costs of the action including expenses, together with reasonable attorney's fees.

B.    Plaintiff Bittle also requests all further relief to which Plaintiff Bittle is entitled under Federal or State law, whether of a legal or equitable nature.

Respectfully Submitted,

/s/ John G. Watts
**John G. Watts ASB-5819-T82J**
**Attorney for Plaintiff**

**OF COUNSEL:**
Watts Law Group, PC
700 29th Street South
Suite 201
Birmingham, Alabama 35233
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattslawgroup.com

/s/ M. Stan Herring
**M. Stan Herring ASB-1074-N72M**
**Attorney for Plaintiff**

**OF COUNSEL:**
M. Stan Herring, P.C.
700 29th Street South
Suite 201
Birmingham, Alabama 35233
(205) 714-4443
(888) 522-7167 *facsimile*
msh@mstanherringlaw.com


**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.**

/s/ John G. Watts
**Attorney for Plaintiff**

**Serve defendants via certified mail at the following addresses:**

Arrow Financial Services, LLC
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, Delaware 19801

Equifax Information Services, LLC
c/o CSC Lawyers Incorporating Service, Inc.
150 S. Perry Street
Montgomery, Alabama 36104

# EXHIBIT

# "A"



ELECTRONICALLY FILED
9/8/2008 2:04 PM
SM-2008-901017.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

IN THE DISTRICT COURT OF JEFFERSON COUNTY, ALABAMA
BIRMINGHAM DIVISION

| | | |
|---|---|---|
| ARROW FINANCIAL SERVICES, LLC, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.:   SM-2008-901017.00 |
| | ) | |
| BITTLE CHARLOTTE L, | ) | |
| Defendant. | ) | |

ORDER


   THIS CASE COMING ON FOR TRIAL, PLAINTIFF AND DEFENDANT APPEARING
THROUGH COUNSEL, GOOD CAUSE BEING SHOWN, JUDGMENT IS HEREBY
ENTERED BY TRIAL FOR THE DEFENDANT; COURT COSTS TAXED AS PAID.
ORDER ENTERED IN OPEN COURT.

   DONE this 8th day of September, 2008

/s NORMAN G WINSTON
_____

DISTRICT JUDGE